UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

NOAH PATRICK GRIFFIN, et al.,

      Plaintiffs,

v.                                          Civ. No. 23-215 GJF/JHR

CITY OF ARTESIA, et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
STATE DEFENDANTS' MOTION TO DISMISS**

      THIS MATTER is before the Court on the Motion to Dismiss filed by Defendants State of New Mexico and Dianna Luce ("State Defendants").[1]  ECF 57.  The Motion is fully briefed. ECFs 59, 60. For the reasons explained below, the Court **GRANTS** the Motion and dismisses with prejudice all claims against the State Defendants in the Second Amended Complaint [ECF 54].

**I.    BACKGROUND**

      Plaintiff Noah Patrick Griffin ("Griffin") lives in Artesia, New Mexico. *See* Second Am. Cmplt., ECF 54 ¶ 1. Plaintiffs allege that, on two different occasions in early 2022, Griffin was unlawfully arrested, searched, and jailed for "walking on a public thoroughfare or public easement within the City of Artesia." ECF 54 ¶¶ 30-33, 37, 51.  Prosecutors charged Griffin with seven offenses in two separate cases but ultimately dismissed all charges *nolle prosequi*. *Id.* ¶¶ 107-113; *see also State v. Griffin*, D-503-CR-2022000280 (Carlsbad Dist. Ct. Jan. 2, 2022); *State v. Griffin*, D-503-2022000284 (Carlsbad Dist. Ct. Feb. 17, 2022).

---

[1] Although Defendants bring this motion on behalf of "the Office of the District Attorney for the Fifth Judicial District," only "Dianna Luce, in her official and individual capacity" has been named and served in this case. Because suing a district attorney in her official capacity is the same as suing the office of the district attorney, the Court construes the motion to be on behalf of DA Luce in her official and individual capacity—as she is named in this case. *See Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (noting that the government entity is "the real party in interest" in an official capacity suit).

About a year later, Plaintiffs filed suit in state court. *Griffin, et al. v. City of Artesia, et al.*, D-503-CV-20230015 (Carlsbad Dist. Ct. Feb. 13, 2023). Early on, the cast of Defendants spanned the governmental spectrum: three government entities—the State of New Mexico, Eddy County, and the City of Artesia—along with ten government officials, including Dianna Luce, District Attorney for the Fifth Judicial District of New Mexico, who was named in her individual and official capacity. *Id.* ¶¶ 1-21. Invoking federal question jurisdiction under 28 U.S.C. § 1331, County Defendants removed the case to this Court because it included claims for relief under 42 U.S.C. § 1983. ECF 1.

On motions to dismiss from all Defendants, [*see* ECFs 4, 6, 9, 44], the Court dismissed with prejudice all state tort claims against Defendants State of New Mexico and Eddy County because Plaintiffs failed to provide required notice under the New Mexico Tort Claims Act ("NMTCA"). ECF 53 at 12–13, 20. The Court also dismissed with prejudice Plaintiffs' common law negligence, intentional and negligent infliction of emotional distress, and prima facie tort claims against all Defendants on the ground that the NMTCA does not waive immunity for unenumerated torts. *Id*. at 11–12, 20. In addition, the Court dismissed without prejudice four other counts against Eddy County for failure to state a plausible claim. Finally, the Court granted Plaintiffs permission to amend their complaint, provide a "more definite statement" in the manner contemplated by Federal Rule of Civil Procedure 12(e), and specify which defendants committed what unlawful actions against whom. *Id*. at 19–20.

Plaintiffs then filed their Second Amended Complaint. ECF 54 ("SAC"). As relevant here, the SAC again named as defendants the State of New Mexico and "Dianna Luce, in her official and individual capacity as the Fifth Judicial District Attorney." *Id.* at 1. In lieu of answering, the State Defendants filed the instant Motion to Dismiss. ECF 57.

### A.  The Operative Complaint

In total, the SAC alleges eleven claims for relief, but arguably only one of them is specifically brought by name against the State or DA Luce. *See* ECF 54 at 23 (Count 7 brought "by [Plaintiffs] Page and Wissiup against all Defendants").  None of the remaining ten counts include either the State or DA Luce in the bold-faced lists of defendants against whom they are brought.  Furthermore, based on its reading of the many factual allegations that precede the eleven claims, the Court discerns that the only possible claims that can be construed as even potentially applying to the State Defendants are Counts 2, 6, and 7.[2]  Invoking 42 U.S.C. § 1983, Count 2 alleges that Griffin's January 2, 2022 arrest, search, and seizure violated his Fourth Amendment rights to be free of the same.  *Id.* ¶¶ 130-38.  Count 6 is a common-law malicious prosecution claim, which although ostensibly not brought against DA Luce by name, does allege conduct by her and one of her subordinates.  *Id.* ¶¶ 181-82.  And for its part, Count 7 seeks loss of consortium damages by Plaintiffs Page and Wissiup and is expressly brought "against all Defendants."  *Id.* at 23.  Count 7 mentions the prosecution of Griffin and asserts that:

> Defendants, or one or more of them, breached their duty to Griffin in multiple ways, including . . . charging him with crimes unsupported by lawful authority or probable cause; pursuing such charges with intent to prolong Griffin's unlawful incarceration; and by pursuing such charges with intent to cover up the unlawful actions of law enforcement officers.

*Id.* ¶ 218.

Construing the SAC in the light most favorable to Plaintiffs, the Court accepts the following well-pleaded allegations as true: DA Luce was at all relevant times the District Attorney for the

---

[2] The parties' briefing did not shed much clarifying light on which counts of the SAC apply to the State Defendants. The State Defendants broadly contend that they cannot be held liable for any state or federal claims in the SAC but did not engage in a count-by-count analysis.  And Plaintiffs' response left the Court with more questions than answers on this topic.  Ultimately, the Court elected to give the SAC the broadest reading possible to determine which claims conceivably might apply to the State Defendants.

Fifth Judicial District of the State of New Mexico. *Id.* ¶ 21. Assistant District Attorney ("ADA") Timothy Wyatt, working under DA Luce, amended a criminal complaint against Griffin to allege that he battered and evaded multiple police officers. *Id.* ¶¶ 56–60. DA Luce knew of or directed ADA Wyatt to amend the criminal complaint. *Id.* ¶ 59. The charges against Griffin were baseless and eventually dismissed. *Id.* ¶¶ 109, 113. One or more of the officers or prosecutors involved in amending the criminal complaint did so for the purpose of covering up police misconduct. *Id.* ¶ 62. DA Luce should have known the charges against Griffin were baseless. *Id.* ¶ 182. In a further effort to cover up police misconduct and civil rights violations, ADA Wyatt, with DA Luce's knowledge or at her direction, filed motions in the cases against Griffin alleging that he was incompetent to stand trial. *Id.* ¶¶ 82, 86. Griffin was incarcerated and suffered damages as a result of these prosecutions. *Id.* ¶¶ 88, 197. DA Luce and ADA Wyatt were acting under color of state law. *Id.* ¶ 112.

## II.   APPLICABLE LAW

### A.  Federal Rule of Civil Procedure 12(b)(6) Standard of Review

A Rule 12(b)(6) motion prompts a court to "assess[ ] whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). To survive Rule 12(b)(6) review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Plausibility requires not necessarily "*detailed* factual allegations," but allegations beyond "labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 545 (emphasis added) (internal citations and quotations omitted); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (Courts "are not bound to accept

as true a legal conclusion couched as a factual allegation."). Facial plausibility requires factual allegations that support a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (requiring more than facts "merely consistent with a defendant's liability") (internal quotations omitted). These factual allegations must come from the complaint. *Smallen v. W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020).

The plausibility distinction matters because *only* "well-pleaded" allegations can be presumed true. *Iqbal*, 556 U.S. at 679. Well-pleaded allegations do not include labels, conclusions, or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and quotations omitted). Nor do they encompass a "legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Rule 12(b)(6) analysis is a two-step process. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). First, the court categorizes the individual allegations as either factual and entitled to a presumption of truth, or merely legal conclusions that are not presumed true and may be ignored. *Id*. at 679. Second, the court determines whether the factual allegations plausibly state a claim for relief. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Courts should be hesitant to dismiss a claim with prejudice and should instead err on the side of allowing a plaintiff to amend. *Seale v. Peacock*, 32 F.4th 1011, 1029 (10th Cir. 2022). But a court should dismiss a claim with prejudice when it finds that it would be futile to allow the plaintiff to amend that claim. *Id.* at 1027.

### B.  Sovereign Immunity

For well over a century, the Supreme Court has made clear that "each State is a sovereign

entity in our federal system," and such sovereigns are "not to be amenable to the suit of an individual without [the sovereign's] consent." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (citing *Hans v. Louisiana*, 134 U.S. 1, 13 (1890)). New Mexico is no exception. Absent a specific statutory waiver, the State's sovereign immunity bars civil suits for damages against the State or its subdivisions.

The NMTCA, however, waives the State's sovereign immunity for certain torts committed by the State, its subdivisions, or its employees when specific prerequisites are met. N.M. Stat. Ann. §§ 41-4-4 to -12 (1978). One of those prerequisites requires "a written notice stating the time, place and circumstances of the loss or injury" for any claim against a government entity unless "the government entity had actual notice of the occurrence." N.M. Stat. Ann. § 41-4-16(A)–(B) (1978). Proper notice communicates the "likelihood that litigation may ensue." *E.g.*, *Galvan v. Bd. of Cnty. Comm'rs for Curry Cnty.*, 261 F. Supp. 3d 1140 (D.N.M. June 1, 2017) (citing *Lopez v. State*, 1996-NMSC-071, ¶ 9, 122 N.M. 611).

### C.  42 U.S.C. § 1983 Liability

Federal law provides that any "person" acting under color of state law who "subjects . . . [another] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. This statute offers no substantive rights itself but instead provides a path by which a plaintiff can vindicate his federal civil rights. *E.g.*, *Spielman v. Hildebrand*, 873 F.2d 1377, 1386 (10th Cir. 1989). To state a § 1983 claim, the plaintiff must allege (1) the violation of some right provided by the United States Constitution or federal statute and (2) that the person who committed the alleged violation was acting under color of state law. *E.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988).

The § 1983 pleading prerequisites depend on the nature of the defendant(s). "Persons to

6

whom § 1983 applies" include local governments and their employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 663 (1978). To succeed against an individual, a plaintiff must plausibly allege: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [state law]." *E.g.*, *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002). Without more, however, such allegations cannot extend § 1983 liability from a government employee to his employer. *See Monell*, 436 U.S. at 690–92 (rejecting a *respondeat superior* theory of liability in a § 1983 claim against a local government). Suing a local government requires plausibly alleging that a government agent either implemented or executed an "official policy" or informal "custom" attributable to the government agency. There must be a direct causal link between the municipal policy or custom and the alleged constitutional violation. *E.g.*, *Collins v. City of Harker Heights*, 503 U.S. 115, 123 (1992).

Moreover, Rule 12 assumes heightened significance in § 1983 actions. Because plaintiffs often use "Defendants" interchangeably in reference to a "governmental agency and . . . governmental actors sued in their individual capacities," a § 1983 claim requires pleading particularly detailed factual allegations. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Consequently, "the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against *each of the defendants*." *Id.* at 1250 (emphasis added). The complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective actions against the state." *Id.* at 1250.

## III.  PARTIES' PRIMARY ARGUMENTS

State Defendants argue all claims against the State and DA Luce in her individual and official

capacity should be dismissed for two independent reasons: (1) Plaintiffs failed to provide proper notice to State Defendants under the NMTCA and thus all state claims against them should be dismissed; and (2) all claims against State Defendants that relate to the prosecution of Griffin are barred by absolute prosecutorial immunity. ECF 57 at 3–7.

Plaintiffs concede that they failed to provide the State with required notice under the NMTCA. ECF 59 at 2.  They argue, however, that the State and DA Luce are still liable under 42 U.S.C. § 1983 for malicious prosecution. ECF 59 at 7. Plaintiffs also argue that prosecutorial immunity does not apply to the facts as alleged because DA Luce and her office, through the actions of ADA Wyatt, made an oath or affirmation in support of baseless prosecutions. In other words, Plaintiffs insist that DA Luce vicariously yet effectively acted as a witness, not as a prosecutor, and therefore is not entitled to immunity. *Id.* at 5-6.

## IV.  ANALYSIS

### A.  Plaintiffs' Claims Under NMTCA Are Barred

The Court has already found, and Plaintiffs concede, that they cannot sue the State or any State governmental unit in tort because Plaintiffs failed to provide the required notice under the NMTCA. ECF 53 at 12-13; ECF 59 at 2. In addition, although the NMTCA notice requirement does not apply to individual state employees like DA Luce, she nonetheless cannot be sued for malicious prosecution under the NMTCA because she is not a "law enforcement officer" for whom sovereign immunity has been waived. *Coyazo v.* State, 120 N.M. 47, 51, 897 P.2d 234, 238 (Ct. App. 1995) (district attorney and their staffs do not fall within the "law enforcement officer" exception from immunity under the NMTCA).  Thus, to the extent that the SAC brings any state tort claims against the State Defendants, those claims will be dismissed with prejudice.

### B.  Section 1983 Forbids Suit Against States and Respondeat Superior Liability

To the extent that the SAC attempts to name the State of New Mexico as a defendant under § 1983, any such claim fails as a matter of law.  Only *local* government bodies, not States or parts of States, can be sued under § 1983. *See Monell*, 436 U.S. at 690–91; *see also Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006) (finding a state district attorney had 11th Amendment immunity for any official capacity § 1983 claim brought against the district attorney).

Plaintiffs argue that DA Luce can be sued under § 1983 because a prosecutor in her employ allegedly provided testimony in aid of a wrongful prosecution. ECF 59 at 7. Defendants respond that there is no supervisory liability under § 1983. ECF 60 at 7–8.  The Court agrees with Defendants. No § 1983 claim can be brought against an ADA's employer premised solely on the ADA's allegedly unlawful actions, because there is no *respondeat superior* liability under § 1983. *See Monell*, 436 U.S. at 690–92 (rejecting a *respondeat superior* theory of liability in a § 1983 claim and requiring the local government unit to be executing an "official policy" or informal "custom.").

### C.  Prosecutorial Immunity Bars Claims Against DA Luce

DA Luce also argues she is immune from suit because Plaintiffs allege only that she participated in Griffin's wrongful prosecution but do not allege that she provided any testimony in support of that prosecution. ECF 60 at 4–7. Plaintiffs respond that both DA Luce and her office provided testimony when ADA Wyatt signed the criminal complaint against Griffin and thereafter amended it. ECF 59 at 6. Additionally, Plaintiffs allege DA Luce took an active role in the prosecution, especially because she admits she relied upon information from law enforcement. *Id.*

Case law makes clear the importance of protecting prosecutors when they engage with the

judicial process or serve as an advocate in judicial proceedings. *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997). Indeed, prosecutors are entitled to absolute immunity for appearances in court, preparing for or initiating judicial proceedings, and advocating on behalf of the State in criminal cases. *Id; see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). "[T]he Tenth Circuit has [also] repeatedly held that prosecutors are absolutely immune for failing to conduct adequate, independent investigations into matters that are referred to them for prosecution." *B.T. ex rel G.T. v. Santa Fe Pub. Schs.*, 506 F. Supp. 2d 718, 729–30 (D.N.M. Mar. 12, 2007).

When prosecutors swear to facts in a criminal case under penalty of perjury, however, their role shifts away from being the State's advocate to being a witness, and they lose their immunity. *Kalina*, 522 U.S. at 129–30. In *Kalina*, the prosecutor was immune for filing all documents on behalf of the State that initiated the prosecution, but she was not immune for swearing as a witness to the truth of certain facts under penalty of perjury. *Id.*

Here, the SAC does not allege that DA Luce herself signed criminal complaints or court filings under penalty of perjury. DA Luce remains protected by immunity as long as she did not either act as a witness by making declarations under penalty of perjury or take another action outside of her role as the State's advocate. Thus, the SAC fails to state a claim against DA Luce in her individual capacity. Because the Court has already allowed Plaintiffs an opportunity to amend their allegations against DA Luce in her individual capacity, and because the Court has concluded that the SAC's allegations against her fail to state a claim on which relief can be granted, the Court finds and concludes that granting yet another opportunity to amend the claims against her would be futile. Therefore, to the extent that the SAC includes any § 1983 claim against DA Luce in her individual capacity, the Court will dismiss it with prejudice as barred by prosecutorial immunity.

## V.    CONCLUSION

**IT IS THEREFORE ORDERED** that the State Defendants' Motion to Dismiss is **GRANTED**. **IT IS FURTHER ORDERED** that all claims in the Second Amended Complaint against Defendants State of New Mexico and Dianna Luce in either her official or individual capacity are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.** [3]

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[3] While not briefed or addressed by either side, Plaintiffs' loss of consortium claim does not alter the Court's analysis because "loss of consortium claimants may recover only if the physically injured person has a cause of action for his or her injuries." *Thompson v. City of Albuquerque*, 2017-NMSC-021, 397 P.3d 1279, 1283 (citing *Archer v. Roadrunner Trucking, Inc.*, 1997-NMSC-003, ¶ 13, 122 N.M. 703, 930 P.2d 1155). Thus, Plaintiffs Page and Wissiup's loss of consortium claim can only succeed against the State or DA Luce in her individual or official capacity if Griffin has a valid corresponding claim against one of those parties. Because Griffin has failed to plead a legally plausible claim against either of these parties, Page and Wissiup's loss of consortium claim against the State Defendants is also dismissed with prejudice.