IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NOAH PATRICK GRIFFIN, ROSE
WISSIUP, and DANIELLE PAGE,**

    **Plaintiffs,**

v.                                                     No. 2:23-cv-00215-GJF-JHR

**CITY OF ARTESIA, a New Mexico
municipal corporation*;* RIGO CHAVEZ,
JON PEREZ, RYAN RODRIGUEZ, DILLON
RIPLEY, LORENZO CARDONA, JIM MINTER,
DAVID BAILEY, RAFAEL ZAMARRON,
officers of the Artesia Police Department in
their official and individual capacities*;* JOHN
DOES, unknown officers of the Artesia Police
Department, in their official and individual
capacities; and KIRK E. ROBERTS, Chief of
Police of the Artesia Police Department, in his
official and individual capacities;**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER RESOLVING PLAINTIFFS' RENEWED
MOTION TO COMPEL RESPONSES [DOC. 92] AND ARTESIA DEFENDANTS'
MOTIONS FOR CONFIDENTIALITY ORDER [DOC. 98] AND EXTENSION OF TIME
TO PRODUCE DOCUMENTS [DOC. 90]**

THIS MATTER comes before the undersigned on Plaintiffs' Renewed Motion to Compel Responses [Doc. 92], the City of Artesia, Perez, Rodriguez, Ripley, Cardona, Minter, Bailey, and Zamarron's ("Artesia Defendants") Motion for Confidentiality Order [Doc. 98], and the Artesia Defendants' Motion for Extension of Time to Produce Documents [Doc. 90]. The parties have completed briefing on the motion to compel [Docs. 100, 104] and motion for a protective order [Docs. 101, 107], and no additional briefing was submitted for the motion for an extension of time to produce. The Court reviewed the briefing, record, and applicable law. For the reasons below, the Court **GRANTS** Plaintiffs' motion to compel, **GRANTS** the Artesia Defendants' motion for

1

a protective order, and **DENIES** the Artesia Defendants' motion for an extension of time to produce as moot.

## I. PROCEDURAL BACKGROUND

Plaintiffs filed their original complaint in New Mexico state court against Defendants on February 13, 2023, followed by an amended complaint on March 7, 2023. [Doc. 1-3, at 1]; [Doc. 1-2]. Defendants removed the case to this Court on March 13, 2023, and Plaintiffs filed a second amended complaint. [Docs. 1, 54]. The suit contains several causes of actions under 42 U.S.C. § 1983, New Mexico tort law, and the New Mexico Civil Rights Act. [Doc. 54, at 14–30]. Plaintiffs allege that the defendant officers in this case—Perez, Rodriguez, Ripley, Cardona, Minter, Bailey, Zamarron, Roberts, and Chavez—subjected Griffin to two different unconstitutional arrests and one unconstitutional search while using excessive force, resulting in his unlawful incarceration and unjust prosecution in early 2022. *Id.* at 5–14.

After ruling on motions to dismiss filed by Defendants [Docs. 53, 62], the Court entered a pretrial scheduling order on January 24, 2024, [Doc. 70], and the parties began discovery. Plaintiffs moved to compel the Artesia Defendants to produce the personnel records of the named defendant officers. [Doc. 81]. The Court denied the motion without prejudice to hold an informal discovery conference pursuant to the scheduling order. [Doc. 82 (text entry)]. At the first discovery conference, the Artesia Defendants agreed to produce the files. [Doc. 83 (text entry)]. The Court set a deadline for production and gave leave to Plaintiffs to file a renewed motion to compel should the Artesia Defendants fail to produce. *Id.*

The Artesia Defendants moved to extend the deadline, citing the parties' attempts to negotiate a protective order for the officers' files. [Doc. 90]. Plaintiffs did not respond to the extension request and renewed their motion to compel. [Doc. 92]. The Court held a second discovery conference, at which the Court ordered Artesia Defendants to disclose all remaining

undisclosed personnel files by the end of the day. [Doc. 95 (text entry)]. The Court entered a temporary protective order while the parties briefed a permanent order. *Id.*; [Docs. 98, 101, 107]. The parties also continued and completed their briefing on Plaintiffs' renewed motion to compel. [Docs. 100, 104].

## II. BRIEFING SUMMARY

The Artesia Defendants argue a protective order is necessary to guarantee the officers' reasonable expectation of privacy for information in their personnel files such as insurance and health records, internal affairs investigations, and identification numbers. [Doc. 98, at 2]. The Artesia Defendants also argue that their disclosures since the second discovery conference moot Plaintiffs' motion to compel. [Doc. 100, at 2].

Plaintiffs oppose a protective order because they've tailored their discovery requests to allow redaction of any sensitive personal information. [Doc. 101, at 2–3]. Therefore, unredacted information pertaining to the officers' employment history would implicate no privacy interest. *Id*. Plaintiffs also accuse the Artesia Defendants of violating the Court's production order by redacting whole pages of disclosed files. [Doc. 104, at 2]. Plaintiffs request attorney fees and costs for their discovery motions. *Id.* at 3.

## III. STATEMENT OF THE ISSUES

1. Should the Court grant a protective order limiting public disclosure of the defendant officers' personnel files?

2. Should the Court sanction the Artesia Defendants for failure to comply with the Court's order to disclose the personnel files under the temporary protective order?

## IV. APPLICABLE LAW

**A.    Privacy Interest in Personnel Files of Law Enforcement.**

The Tenth Circuit has recognized a limited constitutional right to privacy in the personnel files of public safety officers. *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981). To the extent the right exists, it extends from a general right of privacy in personal, sensitive information. *Id.* (citing *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 457 (1977), and *Whalen v. Roe*, 429 U.S. 589, 599 (1977)). The Tenth Circuit adopted a balancing test formulated by the Colorado Supreme Court: the court must weigh legitimate expectations of privacy, compelling state interests in the files' disclosure, and the ability to make the disclosure in the least intrusive manner. *Id.*

The privacy interest does not protect the officer's work as a police officer; rather, the privacy interest is in any personal, sensitive information or confidential statements the files may contain. *Id.*; *Flanagan v. Munger*, 890 F.2d 1557, 1570 (10th Cir. 1989) ("Our cases provide no absolute right to privacy in the contents of personnel files. Only highly personal information is protected."); *see Nilson v. Layton City*, 45 F.3d 369, 372 (10th Cir. 1995) ("Expectations of privacy are legitimate if the information which the state possesses is highly personal or intimate."). Even then, the public interest in truthful and just trial proceedings is substantial when compared to any privacy interest justifying non-disclosure. *Lichtenstein*, 660 F.2d at 436–37; *accord Jones v. City of Albuquerque*, No. 04-cv-00174, 2005 WL 8163461, at *3 (D.N.M. Dec. 16, 2005).

The Court has previously entered protective orders for sensitive information rather than relieve a party of its discovery obligations. *Moya v. City of Clovis*, No. 18-cv-00494, 2019 WL 4193427, at *3 (D.N.M. Sept. 4, 2019); *EEOC v. Univ. of Phoenix, Inc.*, No. 05-cv-01048, 2007 WL 1302578, at *8 (D.N.M. Apr. 10, 2007). A trial court may enter a protective order preventing public dissemination of material for good cause to spare a party annoyance, embarrassment, oppression, or undue burden. *See* Fed. R. Civ. P. 26(c)(1). The "good cause" standard is flexible

to accommodate any valid interest against typical discovery but it is the burden of the party requesting a protective order to show good cause with specific facts. *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008); *see Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Trial courts may grant protective orders within their sound discretion. *See Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

B.    **Requests for Production & Motions to Compel.**

A party may request another party to produce any relevant document for inspection that is within their possession, custody, or control. Fed. R. Civ. P. 34(a)(1)(A). A document is within a party's possession, custody, or control if it is within their practical ability to obtain and produce. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 382 (D.N.M. 2018). The standard for discoverability is a balance of several broad factors including the proposed discovery's proportionality to the case's needs, its relevance to the claims or defenses in the suit, the importance of the issues at stake, the parties' relative access to the discovery, and the burden of producing it. Fed. R. Civ. P. 26(b)(1).

If a party fails to timely comply with a Rule 34 production request or offers an evasive or incomplete disclosure, a party may move to compel compliance. Fed. R. Civ. P. 37(a)(3)(B)(iv). A disclosure is incomplete when a party fails to disclose documents or omits obtainable information without sufficient explanation. *Zheng v. Walker*, No. 22-cv-00432, 2023 WL 4365441, at *2 (D.N.M. July 6, 2023); *Lowrey v. Portis*, No. 23-cv-00372, 2024 WL 2781892, at *2 (D.N.M. May 30, 2024).

If the court grants a party's motion to compel it must award the party attorney fees it incurred unless (1) the party failed to confer with the other party in good faith prior to the motion, (2) the opposing party was substantially justified in fighting the production request, or (3) other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). A party is

5

"substantially justified" in refusing discovery if reasonable people could genuinely differ on whether the law required the party to comply. *In re Lamey*, No. 14-13729 TA7, 2015 WL 6666244, at *5 (Bankr. D.N.M. Oct. 30, 2015); *see also Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (interpreting similar provision under Fed. R. Civ. P. 37(c)(1)).

## V.    ANALYSIS

The present posture and the parties' stipulations narrow the dispute. First, the Artesia Defendants conceded the personnel files' discoverability and the Court has ordered their production. [Doc. 95 (text entry)]; [Doc. 107, at 2]. Second, Plaintiffs do not contest that the personnel files may contain private, sensitive information. [Doc. 101, at 2]. Thus, the issues remaining are whether that privacy interest justifies a protective order, and whether the Artesia Defendants failed to satisfy their discovery obligation.

### A.    There Is Good Cause to Issue a Protective Order for the Officers' Personnel Files.

The Court finds that there is good cause for a protective order for the personnel files. The Court has previously used a protective order under similar circumstances. *See Moya*, 2019 WL 4193427, at *3. Considering the *Lichtenstein* test, a protective order would balance the defendant officers' privacy interest and the public's interest in disclosure by making the files available for use in the present litigation without permitting public disclosure. *See id*; *see also Lichtenstein*, 660 F.2d at 435.

While Plaintiffs argue that their discovery request allows the Artesia Defendants to remove any protected, private information, a protective order has several advantages. First, protective orders encourage parties to disclose liberally. *See Yomi v. Becerra*, No. 21-cv-02224, 2022 WL 36413, at *1 (D. Kan. Jan. 4, 2022). Second, allowing the Artesia Defendants to redact information prior to disclosure may spawn several more disputes over the breadth of those redactions. Disputes may still arise over the confidentiality designations made, but the information will be usable by

6

Plaintiffs in litigation. The issue for resolution may then narrow to whether public access is appropriate.

B.   **The Artesia Defendants Did Not Satisfy Their Disclosure Obligations, and Plaintiffs Are Entitled to Attorney Fees.**

The Court determines that the Artesia Defendants have not satisfied the order to disclose the personnel files. In the example offered by Plaintiffs, the Artesia Defendants' whole-page redaction makes the file unidentifiable and unusable. *See* [Doc. 104, at 4 (marked "Exhibit A")]. The redaction is contrary to the Court's order to either "mark" items confidential or provide a privilege log for any withheld information. [Doc. 95 (text entry)]. Plaintiffs did not provide the entirety of the Artesia Defendants' disclosures for the Court's review. However, because the Artesia Defendants have not objected to Plaintiffs' example the Court must assume it is representative.

Pursuant to Rule 37(a)(5)(A), the Court awards Plaintiffs their attorney fees and costs for briefing the renewed motion to compel [Doc. 92] as a sanction.[1] The Artesia Defendants were not substantially justified in failing to disclose the personnel files. Fed. R. Civ. P. 37(a)(5)(A)(ii). The Artesia Defendants never contested their obligation to disclose the personnel files nor did they move for a protective order until after Plaintiffs twice filed a motion to compel. The Court also finds Plaintiffs adequately conferred with the Artesia Defendants and there are no other circumstances suggesting a fee award would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i), (iii).

## VI. <u>CONCLUSION</u>

In sum, for the reasons above the Court **GRANTS** the Artesia Defendants' motion for a protective order. The Court **ORDERS** the parties to meet, confer on terms, and submit a proposed

---

[1] The Court does not grant Plaintiffs their fees for the original motion to compel for their failure to comply with the terms of the scheduling order.

7

protective order within **fourteen (14) days** of this order. If the parties cannot agree to terms, the parties must submit their own proposed protective orders for the Court's consideration.

The Court **GRANTS** Plaintiffs' renewed motion to compel. The Artesia Defendants shall disclose the requested personnel files with proper confidentiality designations and privilege logs for any withheld documents within **twenty-one (21) days** of this order. The Court's temporary protective order [Doc. 95 (text entry)] is hereby extended until the date the Court adopts and enters a permanent protective order.

The Court **ORDERS** Plaintiffs to submit an application with supporting affidavits for attorney fees and costs for the renewed motion to compel within **twenty-one (21) days** of this order. The Artesia Defendants may submit objections, if any, within **fourteen (14) days** of service of Plaintiffs' application. Plaintiffs may file a reply, if any, within **seven (7) days** of service of the Artesia Defendants' objections.

Finally, the Court **DENIES** the Artesia Defendants' motion for an extension of time to disclose as moot.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge