IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NOAH PATRICK GRIFFIN, ROSE
WISSIUP, and DANIELLE PAGE,**

    **Plaintiffs,**

v.     No. 2:23-cv-00215-GJF-JHR

**CITY OF ARTESIA, a New Mexico
municipal corporation; RIGO CHAVEZ,
JON PEREZ, RYAN RODRIGUEZ, DILLON
RIPLEY, LORENZO CARDONA, JIM MINTER,
DAVID BAILEY, RAFAEL ZAMARRON,
officers of the Artesia Police Department in
their official and individual capacities; JOHN
DOES, unknown officers of the Artesia Police
Department, in their official and individual
capacities; and KIRK E. ROBERTS, Chief of
Police of the Artesia Police Department, in his
official and individual capacities;**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER RESOLVING DEFENDANT RIGO
CHAVEZ'S [103] MOTION TO STAY AND [111] MOTION FOR PROTECTIVE
ORDER**

THIS MATTER comes before the undersigned on Defendant Rigo Chavez's Motion to Stay [Doc. 103] and Motion for Protective Order [Doc. 111]. Plaintiffs filed responses in opposition to both [Docs. 109, 114], and Chavez filed a reply with respect to his Motion to Stay [Doc. 117]. The Court has reviewed the briefing, record, and applicable law. For the reasons below, the Court **GRANTS IN PART** Chavez's motion for a discovery stay and **DENIES** Chavez's motion for a protective order as moot.

**I.     PROCEDURAL BACKGROUND**

Plaintiffs filed their original complaint in New Mexico state court against Defendants on February 13, 2023, followed by an amended complaint on March 7, 2023. [Doc. 1-3, at 1]; [Doc.

1-2]. Defendants removed the case to this Court on March 13, 2023, and Plaintiffs filed a second amended complaint. [Docs. 1, 54]. The suit contains several causes of actions under 42 U.S.C. § 1983, New Mexico tort law, and the New Mexico Civil Rights Act. [Doc. 54, at 14–30]. Plaintiffs allege that the defendant officers in this case—Perez, Rodriguez, Ripley, Cardona, Minter, Bailey, Zamarron, Roberts, and Chavez—subjected Griffin to two different unconstitutional arrests and one unconstitutional search while using excessive force, resulting in his unlawful incarceration and unjust prosecution in early 2022. *Id.* at 5–14. Plaintiffs' claims are as follows:

1. Unlawful search and seizure (§ 1983) against Chavez, Perez, Rodriguez, Ripley, Roberts, and the City of Artesia [Doc. 54, at 14–15, 30]

2. Battery against Chavez, Perez, Rodriguez, Ripley, John Does, Roberts, and the City of Artesia; false arrest and false imprisonment against all Defendants; malicious prosecution against Chavez, Cardona, Roberts, and the City of Artesia; and loss of consortium against all Defendants. *Id.* at 17–23.

3. Unlawful search and seizure (New Mexico Civil Rights Act) against the City of Artesia. *Id.* at 26–28.

4. Negligent hiring against Roberts and the City of Artesia. *Id.* at 29.

On October 23, 2024, Chavez moved for summary judgment based on qualified immunity for the § 1983 claims against him and on other grounds for the remaining claims. [Doc. 102]. He simultaneously moved for a stay of all discovery [Doc. 103] followed by a motion for a protective order on identical grounds [Doc. 111].

## II.  BRIEFING SUMMARY

Chavez argues that the Court should stay all discovery because qualified immunity exempts protected parties from pretrial litigation until the legal issues surrounding the defense are resolved. [Doc. 103, at 1–4]. Plaintiffs object to a discovery stay on the grounds that Chavez's qualified immunity does not apply to every claim against him, the other defendants are not covered by his defense, and he will have to participate in discovery regardless as a material witness. [Doc. 109,

at 2–4]; [Doc. 114, at 2–5]. Chavez replies that at minimum discovery should be stayed for all claims against him and argues that Plaintiffs have not made a sufficient showing to overcome the presumption for staying all discovery when qualified immunity is raised. [Doc. 117, at 1–6].

### III. STATEMENT OF THE ISSUE

1. Should the Court grant Chavez's request for a discovery stay in light of his assertion of qualified immunity, and if so, to what extent?

### IV. APPLICABLE LAW

Qualified immunity precludes civil liability for a government official unless their actions violated the plaintiff's constitutional or statutory rights and the law at the time clearly established the illegality of those actions. *E.g.*, *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021). Only an individual official may assert the defense and only against monetary damages; qualified immunity does not cover injunctive relief nor entity defendants. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Qualified immunity not only sets the standard for liability but also excuses government officials from the usual preoccupations of pretrial litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 527–28 (1985); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Therefore, courts should address any threshold legal questions pertaining to qualified immunity when raised and before starting or continuing discovery. *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982) (qualified immunity is an affirmative defense). Qualified immunity may justify a broad stay of discovery even if the defense would not dispose of the entire action in order to ensure its benefits inure to the protected party. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009).

However, qualified immunity forecloses "broad-reaching," and not necessarily all, discovery. *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quoting *Harlow*, 457 U.S. at

818); *see also Behrens*, 516 U.S. at 312. Courts still exercise discretion when deciding whether to stay discovery and to what extent. *See Graham v. Gray*, 827 F.2d 679, 681 (10th Cir. 1987); *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1386–87 (10th Cir. 1994). Valid factors consider include the facts of the case, its progress, potential prejudice to all parties, pendency of any dispositive motions, public interest in the suit, and the court's interest in expeditious disposition of the case. *Green v. Padilla*, 697 F. Supp. 3d 1115, 1177 (D.N.M. 2023); *Muller v. Vilsack*, No. 13-cv-00431, 2015 WL 13650065, at *1 (D.N.M. Nov. 20, 2015); *see J.D. Heiskell Holdings, LLC v. Willard Dairy, LLC*, No. 23-cv-00854, 2024 WL 3829970, at *2 (D.N.M. Aug. 15, 2024).

Nevertheless, binding precedent "emphasize[s] the presumption, if not requirement, that an assertion of qualified immunity triggers a stay of discovery." *Doe v. Taos Mun. Schs.*, No. 20-cv-01041, 2024 WL 4145043, at *3 (D.N.M. Sept. 11, 2024). The Court has adopted a general policy of staying all discovery once a party asserts a right to dismissal or summary judgment based on qualified immunity. *Encinias v. N.M. Corr. Dep't*, No. 21-cv-01145, 2022 WL 2341629, at *2 (D.N.M. June 29, 2022) (citing *Mathis v. Centurion Corr. Healthcare of N.M., LLC*, No. 22-cv-00020, 2022 WL 1987713, at *1 (D.N.M. June 6, 2022)); *Higgins v. Saavedra*, No. 17-cv-00234, 2017 WL 1437317, at *2 (D.N.M. Apr. 21, 2017); *Brassell v. City of Santa Rosa*, No. 22-cv-00802, 2023 WL 171789, at *2 (D.N.M. Jan. 12, 2023).

Exceptions arise when the need for timely discovery substantially outweighs the qualified immunity interest at stake, particularly to resolve the qualified immunity issue itself, or the defense applies to too few parties and claims to outweigh the public and Court's interest in the particular suit's resolution. *Ferro v. Bd. of Cnty. Comm'rs*, No. 18-cv-00223, 2018 WL 5268202, at *3 (D.N.M. Oct. 23, 2018) (permitting interrogatory that was the plaintiff's sole avenue to discovering identity of proper defendant); *Workman*, 958 F.2d at 336; *Cruz v. City of Deming*, 687 F. Supp. 3d

4

1155, 1169 (D.N.M. 2023). Even in those instances, the Court approved limited stays for the claims and parties covered by qualified immunity. *Ferro*, 2018 WL 5268202, at *2–3; *see Cruz*, 687 F. Supp. 3d at 1166–67, 1170 (discussing stays for § 1983 claims); *see Workman*, 958 F.3d at 336 (only as much discovery as needed to resolve qualified immunity should be allowed).

## V. ANALYSIS

The Court's typical practice is to stay discovery as to all parties and claims when qualified immunity is raised. *E.g.*, *Encinias*, 2022 WL 2341629, at *2. In opposition, Plaintiffs raise Chavez's status as a material witness, inapplicability of qualified immunity to state law claims against Chavez, and the recognition of exceptions as in *Cruz* as grounds to limit a stay if not deny it entirely. [Doc. 109, at 2–4]; [Doc. 114, at 2–5]. Plaintiffs also suggest that Chavez does not want to answer certain discovery for fear of incrimination. [Doc. 9, at 4]; [Doc. 114, at 4]. Ultimately, the Court does not find Plaintiffs' arguments sufficient to deny a total stay.

*Cruz* involved claims arising from several officers fatally shooting a man during a police encounter; qualified immunity was asserted by one defendant out of eleven and against one claim out of eight. *Cruz*, 687 F. Supp. 3d. at 1159. Thus, the qualified immunity interest was minimal compared to the public interest in expeditious resolution of alleged egregious civil rights violations. *See id.* at 1169–70. *Cruz* represents an exceptional result compelled by a unique combination of circumstances. But the purpose of a stay is to keep a potentially immune defendant from being compelled to participate in litigation before the question of immunity is resolved. *See Herrera v. Santa Fe Pub. Schs.*, No. 11-cv-00422, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (citing *Harlow*, 457 U.S. at 817–18); *see also Iqbal*, 556 U.S. at 685–86.

While qualified immunity does not apply to Plaintiffs' state law claims, the suit's common nucleus of facts supports staying all discovery to ensure Chavez receives the benefit of qualified immunity for the § 1983 claims. *Archuleta v. Bd. of Educ. for Española Valley Pub. Schs.*, No. 24-

5

cv-00359, 2025 WL 18683, at *3 (D.N.M. Jan. 2, 2025). Chavez's status as a material witness cuts both ways as well. Chavez may remain a witness and provide necessary testimony even once declared immune from federal civil rights claims. For the same reason, the argument that a stay allows Chavez to avoid incrimination is unpersuasive: whether a party to federal claims or not, a witness's primary shield against self-incrimination is the Fifth Amendment right to silence and so qualified immunity is not determinative of the potential scope of testimony.

However, the Court does find there are grounds for a limited exception to a stay. Plaintiffs are negotiating with the City of Artesia, Perez, Rodriguez, Ripley, Cardona, Minter, Bailey, and Zamarron ("Artesia Defendants") for a protective order for discovery of personnel files. [Doc. 129]. Qualified immunity's protection from pretrial burdens does not diminish if a defendant waits until summary judgment to assert it. *Herrera*, 2012 WL 6846393, at *7. However, if there is any ongoing discovery at that time, a court may allow its completion. *Rome v. Romero*, 225 F.R.D. 640, 644 (D. Colo. 2004). For this specific issue, the burden of participation for Chavez is minimal as the Court already ordered production and briefing on the text of a protective order would not require his participation. Therefore, Plaintiffs and the Artesia Defendants shall continue working on a protective order and the Artesia Defendants shall disclose the personnel files as ordered by the Court. [Doc. 129].

## VI. CONCLUSION

In sum, for the reasons above the Court **GRANTS IN PART** Chavez's motion for a discovery stay. Discovery is hereby stayed pending resolution of Chavez's motion for qualified immunity [Doc. 102]. However, the stay shall not apply to the current litigation about a protective

order for personnel files and the Artesia Defendants' disclosure of those files. The Court **DENIES** Chavez's motion for a protective order as moot.

Given the stay of all discovery except as limited above, the Court further **ORDERS** that the current unexpired discovery and pretrial motions deadlines [Doc. 91] are hereby **VACATED**. Upon resolution of Chavez's motion for qualified immunity [Doc. 102], the Court will set a scheduling hearing to set new deadlines for remaining discovery and pretrial motions.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge